

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

*Sum-680*

*overrule*
*0-2113*
*0-2756*
*0-1134*
*0-1279*

April 23, 1954

Hon. William Caven
County Attorney
Harrison County
Marshall, Texas

Opinion No. S-125

Re: Payment of travel ex-
penses for out-of-state
investigation of alleged
perjury committed in
Harrison County.

Dear Mr. Caven:

You have requested an opinion concerning pay-
ment of travel expenses of out-of-State investigation
of alleged perjury committed in Harrison County.

In Attorney General's Opinions Nos. 0-2113
(1940), 0-2756 (1940), 0-1134 (1939), and 0-1279 (1939)
it was held that neither a county attorney nor a dis-
trict attorney could be paid traveling expenses by the
county for expenses incurred while investigating crimi-
nal cases. However, in Attorney General's Opinions
Nos. 0-3670 (1941), 0-5336 (1943), and V-607 (1948)
it was held that a county could pay all reasonable and
necessary travel expenses for any travel on official
business.

The earlier opinions stated that Article 3899,
subdivision (b), Vernon's Civil Statutes, did not in-
clude travel expenses while the opinions of this office
since 1941 state that traveling expenses are included.
Since subdivision (b) of Article 3899 specifically pro-
vides that county officials may "have charged to his
county all reasonable expenses necessary in the proper
and legal conduct of his office," we agree with the
reasoning contained in Opinions Nos. 0-3670, 0-5336
and V-607. In the letter opinion of this office to
Paul New, County Attorney of Yoakum County, under date
of April 20, 1951, this office stated that the county
attorney could be paid the reasonable and necessary
travel expenses in attending the Attorney General's
Conference on Organized Crime. Therefore, Attorney
General's Opinions Nos. 0-1279, 0-1134, 0-2113 and
0-2756 are expressly overruled.

Ordinarily, traveling expenses incurred by a county official beyond the boundary of Texas cannot be paid for the reason that such official has no duty or authority to go beyond the boundary of the State. See: Att'y. Gen. Ops. Nos. V-525 (1948) and V-520 (1948). However, at times it may be necessary for a county attorney to go beyond the boundary of the State in order to investigate an alleged crime committed within his jurisdiction. In that event, subdivision (b) of Article 3899 would authorize the payment of his reasonable and necessary expenses. Whether the particular claim mentioned in your request was reasonable and necessary in the proper and legal conduct of the duties of your office is a fact question which cannot be passed on by this office.

## SUMMARY

Subdivision (b) of Article 3899, Vernon's Civil Statutes, authorizes a county to pay all reasonable and necessary travel expenses of a county attorney compensated on a salary basis incurred in the proper and legal conduct of his office.

APPROVED:

J. C. Davis, Jr.
County Affairs Division

William W. Guild
Reviewer

Robert S. Trotti
First Assistant

John Ben Shepperd
Attorney General

JR:lm

Yours very truly,

JOHN BEN SHEPPERD
Attorney General of Texas

By John Reeves
John Reeves
Assistant